VANSTON, P.J.,
Mr. and Mrs. Edward Yarasavage are the owners of an operating farm in Washington Township, Wyoming County. They have been in the farming business for many years raising corn, hay and cattle.
In 1988, the Yarasavage’s applied for and were granted by Wyoming County a reduced real estate tax assessment by virtue of “The Clean and Green Act,” 72 P.S. §5490 et seq. Thereafter, they conveyed a portion of their farm to their son, William and his wife. The parcel conveyed was 5.04 acres in area and was improved with a dwelling house that William had constructed prior to the conveyance.
As the parcel was in excess of two acres (see 72 P.S. §5490.6(b)), the County of Wyoming revoked Yarasavage’s preferential assessment and. notified them that they owed a “rollback” tax in the amount of $3,380.09. The Yarasavages appealed to the Wyoming County Assessment Appeal Board which denied them the relief they sought. A timely appeal to this court then followed.
At hearing on November 20, 1990, the parties stipulated to various facts from which the court made the following findings of fact:
(1) All of appellants’ realty relevant to the instant matter has been in agricultural use for more than three years and, both before and after conveyance, consisted of more than 10 acres.
(2) Of the 5.04 acres conveyed to William Yara-savage et ux., at least three acres remain in agricultural use.
(3) The lands of Edward Yarasavage et ux. and William Yarasavage et ux., when considered to *555 gether, have an anticipated yearly gross income of not less than $2,000 from agricultural products.
(4) There has been no change in the nature of the use of the subject land.
Accordingly, this court concludes that both tracts of land meet the requirements of 72 P.S. §5490.3(a)(l), and therefore the conveyance must be deemed to be a “separation” rather than a “split-off” as defined by the act. Therefore, the County of Wyoming was in error in revoking the preferential tax assessment of the appellants and in demanding payment of the “rollback” tax.
This writer’s duties under the law would be acquitted by concluding the opinion at this point. Further gratuitous comments, however, may be of use.
The court’s decision affects only the 1989 and 1990 tax assessment of the remaining lands of Edward Yarasavage et ux. It is anticipated that the county will continue to monitor the use to which the Yarasavage land is put in the future. The act, itself, contemplates a period of seven years from the date of the conveyance. See 72 P.S. §5490.6(c). Should the two tracts during those seven years no longer be in conformity to section 5490.3(a)(1), then the county could petition the court for a redetermination of the present decision. If such occurred after seven years, the county would have to recommence the process in the Assessor’s Office.
A word of guidance to the Assessor’s Office: This court will not take a hypertechnical view of the requirements of the Clean and Green Act. Minor acreage variances of less than half an acre may be ignored where appropriate. Crop income figures may be based on 10-year averages consistent with good farming methods.
*556 The Yarasavages could have easily avoided their present difficulty by conveying only two acres to William in any given year. At the time of the conveyance, they had not been enrolled in Clean and Green for a long period of time. They should have been aware of the restriction but they were not.
This is illustrative of a problem that exists in many counties in Pennsylvania. If lawyers and judges have difficulty understanding the complexities of tax assessment laws, rules and regulations, how are we to expect farmers and other landowners to do so? A burden exists on each county assessment office to affirmatively educate those enrolled or seeking to be enrolled in the Clean and Green Program. Perhaps an annual seminar could be offered under the auspices of the Pennsylvania State University Agricultural Extension Office? Perhaps the seminar could be offered to those already enrolled to enable them to seek answers to some of the difficult questions which may arise? Perhaps as a prerequisite to processing an application?
Such an educational process, we think would go a long way toward avoiding litigation of the like seen here. Thus it will save both those who pay taxes and those to whom taxes are paid more than just the costs of litigation.
ORDER OF COURT
And now, November 30, 1990, for the reasons set forth in the opinion of the court of even date, it is ordered that the appeal of Edward Yarasavage and Gladys Yarasavage in the above-captioned matter be and is hereby sustained.